UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| DAVID ALLEN BRIMMER, | ) |  |
|---|---|---|
| Petitioner, | ) ) ) | |
| v. | ) ) | No.: 3:17-cv-00550 REEVES/GUYTON |
| RANDY LEE, | ) ) ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Acting pro se, David Allen Brimmer ("Petitioner"), brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his 1999 Tennessee state court convictions for first degree murder and aggravated kidnapping [Doc. 1]. Respondent has filed a Motion to Dismiss the Petition as barred by the one-year statute of limitations [Doc. 6]. For the reasons set forth herein, the Court will **GRANT** Respondent's Motion [Doc. 6] and **DISMISS** this action as time-barred.

### I. PROCEDURAL BACKGROUND

In 1991, a jury convicted Petitioner of first-degree premeditated murder and sentenced him to death [*See* Doc. 1-2 at 1; Doc. 7 at 1]. Petitioner's conviction and sentence were affirmed on direct appeal [*See* Doc. 1-2 at 1]. In 1995, Petitioner filed a petition for post-conviction relief in state court; the petition was initially denied, but on appeal, the Court of Criminal Appeals of Tennessee reversed the judgment of the post-conviction court and granted Petitioner a new sentencing hearing due to ineffective assistance of counsel at the sentencing stage [*see id.*; Doc. 8-1 at 3-20].

On May 7, 1999, after remand, Petitioner entered into a plea agreement with the prosecution; pursuant to that agreement, Petitioner pled guilty and was sentenced serve "60 years at 100%" for the charge of aggravated kidnapping and a life sentence for the charge of murder, to be served consecutively [Doc. 1 at 1-2; Doc. 1-2 at 2; Doc. 8-4 at 7-9; *see* Doc. 8-5]. He did not seek a direct

appeal [Doc. 1 at 2, 5 ("Petitioner did not have a right to direct appellate review based upon guilty plea.")].

On May 1, 2000, Petitioner filed a pro se petition for post-conviction relief in state court [Doc. 8-1 at 3-20]. Counsel was appointed, and an amended petition was filed; nonetheless, the petition was denied on September 2, 2005, the denial of that petition was affirmed on appeal, and the Tennessee Supreme Court denied Petitioner permission to appeal on April 23, 2007 [*Id*. at 23-25, 34-36; *see* Doc. 1-2 at 2].

Petitioner took no further action with respect to his convictions and sentences for more than six years. On May 8, 2013, Petitioner filed a Petition for writ of habeas corpus in state court, which was summarily dismissed on July 24, 2013, and affirmed by the Tennessee Court of Appeals on April 30, 2014 [Doc. 8-2 at 4-5, 65; *see* Doc. 1-2 at 2]. On June 23, 2014, Petitioner filed a Motion to correct illegal sentence pursuant to state law, which was subsequently denied; the denial was affirmed by the appellate court, and the Supreme Court of Tennessee denied Petitioner permission to appeal on April 10, 2015 [Doc. 8-3 at 4-9, 17-21; *see* Doc. 1-2 at 2].

Almost two year passed before Petitioner filed another Motion for correction of illegal sentence in state court in March 2017 [Doc. 8-4 at 12-13]. The Motion was shortly thereafter denied, and the Tennessee Court of Criminal Appeals affirmed the denial on October 23, 2017 [Doc. 1-2 at 2-8].

Shortly thereafter, Petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 [Doc. 1; Doc. 1-1].[1] Petitioner did not address the timeliness of his petition in his filing

---

[1] The envelope containing the Petition was stamped as received in the NECX mailroom on December 13, 2017, and the Court received the Petition on December 27, 2017 [Doc. 1-1]. As discussed *infra*, it is clear that even if the Court gave Petitioner the benefit of deeming his petitioner filed on December 13, 2017, the petition would nonetheless be grossly untimely.

[Doc. 1 at 10-11]. In response, Respondent filed a Motion to dismiss Petitioner's § 2254 petition as untimely pursuant to the applicable one-year statute of limitations [Docs. 6-7]. Petitioner did not file a response to the Motion, and the Motion is now ripe for the Court's review.

## II.     ANALYSIS

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year statute of limitations applies to all applications seeking a writ of habeas corpus under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1). The statute generally begins to run "[t]he date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *King v. Morgan*, 807 F.3d 154, 159-60 (6th Cir. 2015) (a "new judgment after a resentencing" constitutes an event that resets the statute of limitations for a petitioner to challenge his conviction and sentence pursuant to 28 U.S.C. § 2244(d)(1)(A)). Where a Tennessee petitioner did not pursue a direct appeal, his state court conviction is deemed "final" upon the expiration of the thirty-day time period during which he could have commenced a direct appeal. *See, e.g.*, *Feenin v. Myers*, 110 F. App'x 669 (6th Cir. 2004) (citing Tenn. R. App. P. 4(a)).

In this case, it is undisputed that Petitioner received a "new judgment" on May 7, 1999, when he was sentenced pursuant to a plea agreement following the partial reversal of his original convictions and sentences. Thus, his conviction and sentence may be deemed "final" on June 7, 1999, upon the expiration of the thirty-day time period during which he could have commenced a direct appeal.

His one-year statute of limitation commenced the next day and ran until May 1, 2000, when Petitioner timely submitted his petition for post-conviction relief in state court. Thus, 329 days of Petitioner's one-year statute of limitations had run by the time he commenced his first post-conviction proceeding in state court. Pursuant to 28 U.S.C. § 2244(d)(2), his limitations period was then tolled from May 1, 2000, through April 23, 2007, while his petition for post-conviction relief was pending

3

before the state court. Then his limitations period began to run again on April 24, 2007.

At this time, Petitioner had thirty-six days of his one-year limitations period remaining. Thus, absent any additional statutory tolling, Petitioner's one-year statute of limitations for filing the instant petition expired on May 30, 2007. However, it is undisputed that Petitioner did not seek further post-conviction relief in state court until 2013 and did not file the instant petition until 2017. Thus, there is no dispute that Petitioner's instant § 2254 Petition, filed in December 2017, was filed long after the expiration of the one-year statute of limitations applicable to such a petition.

Nonetheless, the one-year AEDPA statute of limitations is not jurisdictional and remains subject to the doctrine of equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is "entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance . . . prevented timely filing.'" *Id*. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Petitioner bears the burden of demonstrating his entitlement to equitable tolling. *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003). The doctrine of "equitable tolling is applied sparingly by federal courts" and is typically used "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) (citations and internal quotation marks).

In this case, the Court thus finds that Petitioner has failed to meet his burden of demonstrating that he is entitled to equitable tolling of the limitations period. The record does not demonstrate that Petitioner pursued his rights diligently, given that Petitioner took no action with respect to his convictions and sentence from 2007 through 2013, and then again from 2015 through 2017. Additionally, Petitioner has not identified any extraordinary circumstance that prevented his timely filing, and the Court's review of the record reveals no such circumstances. Having made no arguments

in support of the applicability of the doctrine, the Court concludes that Petitioner is not entitled to equitable tolling of the limitations period.

Without the application of equitable tolling, Petitioner's § 2254 petition is barred by the AEDPA's one-year statute of limitations; accordingly, the Court must **GRANT** Respondent's Motion to Dismiss [Doc. 6], and **DISMISS** this § 2254 action.

**III.    CERTIFICATE OF APPEALABILITY**

Finally, the Court must consider whether to issue a certificate of appealability ("COA") should Petitioner file a notice of appeal. Under 28 U.S.C. § 2253(a) and (c), a petitioner may appeal a final order in a habeas proceeding only if he is issued a COA, and a COA may only be issued where a Petitioner has made a substantial showing of the denial of a constitutional right. When a district court denies a habeas petition on a procedural basis without reaching the underlying claim, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Dufresne v. Palmer*, 876 F.3d 248, 253 (6th Cir. 2017).

In this case, reasonable jurists would not debate the correctness of the Court's decision to dismiss the Petition as time-barred. Accordingly, the Court will **DENY** issuance of a COA, and **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b), 24(a)(1), 24(a)(4).

## IV. CONCLUSION

Because the Court has determined the instant §2254 Petition is time-barred under § 2244(d) and that equitable tolling of the statute of limitations is unwarranted:

- Respondent's Motion to Dismiss [Doc. 6] is **GRANTED**;

- This action is hereby **DISMISSED**;

- The Court **DENIES** issue of a certificate of appealability;

- The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and **DENIES** Petitioner leave to proceed on appeal *in forma pauperis*.

**IT IS SO ORDERED**.

**E N T E R :**

/s/ Pamela L. Reeves
**UNITED STATES DISTRICT JUDGE**